# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**WILLIAM J. SPARKS, JR.**  **PLAINTIFF**
**ADC #136379**

v.  **CASE NO. 3:17-CV-00314 BSM**

**MISSISSIPPI COUNTY,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff William J. Sparks, Jr. filed a *pro se* civil rights complaint pursuant to 42 U.S.C. section 1983 [Doc. No. 2] against Mississippi County, the State of Arkansas, and the Mississippi County Sheriff's Department. Sparks alleges that (1) his speedy trial rights have been violated, and (2) he is in "limbo" because Mississippi County will not drop a pending criminal charge against him and the Arkansas Department of Correction will not parole him to Mississippi County until the pending charge has been resolved. Doc. No. 2, at 5. He seeks damages and the dismissal of the criminal charge against him. *Id.*, at 6.

Sparks is incarcerated at the Barbara Ester Unit of the Arkansas Department of Correction, which triggers automatic screening of his complaint. *See* 28 U.S.C. § 1915A. It must be determined whether the cause of action stated in Sparks's complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915(A). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim that does not allege

"enough facts to state a claim to relief that is plausible on its face" fails to state a claim on which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Sparks's claims against Mississippi County must be dismissed. "To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817–18 (8th Cir. 2009). Because Sparks has not alleged that any policy, practice, or custom was the moving force behind the alleged violation of his protected rights, he has failed to state a claim for relief against Mississippi County.

Sovereign immunity bars Sparks's claims against the State of Arkansas. "The Eleventh Amendment bars suits against a State by citizens of that same state in federal court." *Williams v. Missouri*, 973 F.2d 599, 599–600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "This bar exists whether the relief sought is legal or equitable." *Id*. (quoting *Papasan*, 478 U.S. at 276). By enacting section 1983, Congress did not abrogate states' Eleventh Amendment immunity. *Burke v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991). Therefore, Sparks's claims against the State of Arkansas are dismissed.

The Mississippi County Sheriff's Department is not a "person" subject to suit under section 1983. *In Re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n.1 (D. Minn. 1987) (sheriff's department not legal entity subject to suit) *aff'd Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989). Accordingly, Sparks's claims against the Mississippi County Sheriff's Department must also be dismissed.

Sparks's claims all are frivolous or fail to state a claim upon which relief may be granted. His claims against the State of Arkansas and the Mississippi County Sheriff's Department are dismissed with prejudice; his claims against Mississippi County are dismissed without prejudice. It is certified that an *in forma pauperis* appeal from this order would not be taken in good faith. This dismissal counts as a "strike" for the purposes of 28 U.S.C. section 1915(g).

IT IS SO ORDERED this 15th day of December 2017.

_____
UNITED STATES DISTRICT JUDGE